# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 22-1318V
UNPUBLISHED

| | |
|---|---|
| HOWARD W. BAKER, JR., as executor of the estate of CECILIA M. BAKER,<br><br>　　　　　　　Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>　　　　　　　Respondent. | Chief Special Master Corcoran<br><br>Filed: October 24, 2023 |

*Milton C. Ragsdale, IV*, Ragsdale LLC, Birmingham, AL, for Petitioner.

*Heather L. Pearlman,* U.S. Department of Justice, Washington, DC, for Respondent.

## DECISION[1]

On September 19, 2022, Howard Baker filed a petition for compensation on behalf of Cecilia Baker under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa—10 through 34,[2] (the "Vaccine Act"). Petitioner alleged that Ms. Baker developed Guillain-Barré syndrome ("GBS") and ultimately died from an influenza Ms. Baker received on October 7, 2019. ECF No. 1.

On October 23, 2023, Petitioner filed a motion for a decision dismissing the petition. ECF No. 21. For the reasons set forth below, Petitioner's motion is **GRANTED**, and this case is **DISMISSED**.

### Relevant Procedural History

Petitioner filed some medical records with the petition. The Pre-Assignment Review ("PAR") Initial Order required Petitioner to file additional statutorily required documents. ECF No. 5. Petitioner filed some additional medical records and eventually filed a Statement of Completion on April 13, 2023. ECF No. 15.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On July 7, 2023, an order issued requiring Petitioner to file an amended petition and additional medical records. ECF No. 17. On August 31, 2023, Petitioner filed records from a medical provider not identified in the July 7, 2023 order and a status report requesting a Rule 5 status conference regarding onset. ECF Nos. 18, 19. Petitioner did not file an amended petition or the medical records required by the July 7, 2023 order.

Petitioner's request for a Rule 5 status conference was denied because the prerequisite Rule 4(c) report had not yet been filed by Respondent and the case was still undergoing the initial PAR process. ECF No. 20. Petitioner was again ordered to file an amended petition and medical records to complete the PAR process.

On October 23, 2023, Petitioner filed a motion for a decision dismissing the petition stating that an "investigation of the facts and science supporting his case has demonstrated to petitioner that pursing a compensation claims within the Vaccine Program is unlikely to result in a recovery sufficient to justify further litigation." ECF No. 21 at 1.

## Grounds for Dismissal

To receive compensation under the National Vaccine Injury Compensation Program, a petitioner must prove either 1) that the vaccinee suffered an "on-Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to one of the listed vaccines within the applicable time frames, or 2) that the vaccinee suffered an injury not listed the Table or outside the applicable time frames, an "off-Table injury," that was actually caused by a listed vaccine. *See* §§ 300aa—13(a)(1)(A) and 11(c)(1). Petitioner alleged an on-Table injury, i.e., that Ms. Baker's GBS and death were caused by the influenza vaccination.

Despite alleging an on-Table injury, that would entitle Petitioner to the presumption of causality, Petitioner stated that he believed his case was unlikely to result in a "recovery sufficient to justify further litigation" and has requested dismissal. Based on his request for a status conference, Petitioner appears to have been concerned with the onset of Ms. Baker's symptoms following vaccination. To be entitled to the presumption of causation, and a higher likelihood of compensation on the vaccine claim, Petitioner would need to establish that Ms. Baker's onset of GBS symptoms occurred within the time range on the Vaccine Table, from 3 to 42 days. 42 C.F.R. § 100.3(a)(XIV)(D). As alleged in the petition, Ms. Baker reported that the onset of symptoms, numbness and weakness, occurred about two weeks before a December 9, 2019 appointment. Exhibit 3 at 23. These symptoms would place onset approximately 49 days after the October 7, 2019 influenza vaccination, outside the time range permitted by the Vaccine Table. While Petitioner was unlikely to establish an on-Table injury within the time range, Petitioner could have pursued an off-Table injury of GBS with onset outside the time range, but Petitioner did not choose to do so.

For an off-Table injury, a petitioner must satisfy all three of the elements established by the Federal Circuit in *Althen v. Sec'y of Health & Hum. Servs.*, 418 F.3d

2

1274, 1278 (2005): "(1) a medical theory causally connecting the vaccination and the injury; (2) a logical sequence of cause and effect showing that the vaccination was the reason for the injury; and (3) a showing of proximate temporal relationship between vaccination and injury." Petitioner has not submitted sufficient evidence to establish the Althen prongs, such as an expert report proposing a medical theory.

Thus, Petitioner has failed to establish entitlement to compensation in the Vaccine Program. **This case is dismissed for insufficient proof. The clerk shall enter judgment accordingly.**[3]

**IT IS SO ORDERED.**

<u>**s/Brian H. Corcoran**</u>
Brian H. Corcoran
Chief Special Master

---

[3] If Petitioner wishes to bring a civil action, she must file a notice of election rejecting the judgment pursuant to § 21(a) "not later than 90 days after the date of the court's final judgment."